NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2084
_____

UNITED STATES OF AMERICA

v.

CHRISTA L. POLICARE,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-13-cr-00237-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 31, 2016

Before: HARDIMAN and SCIRICA, *Circuit Judges*,
and ROSENTHAL,* *District Judge*.

(Filed: November 3, 2016)
_____

OPINION**
_____

---

\* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

\*\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Christa Policare appeals an order of the District Court revoking her supervised release and imposing a sentence of incarceration for a year and a day. We will affirm.

I

Policare pleaded guilty to conspiring to distribute a controlled substance—Alpha-Pyrrolidinopentiophenone (A-PVP), also known as bath salts—in violation of 18 U.S.C. § 371. Although Policare's final advisory sentencing range was 57 to 60 months, the District Court granted a substantial downward variance and imposed a term of 20 months' incarceration because of Policare's minor role in the offense, the psychological circumstances that led to her crime, and her maturity, age, and lack of criminal history.

After completing her term of incarceration, Policare began serving a two-year term of supervised release and was forbidden from unlawfully possessing or using a controlled substance. She violated this condition at least eight times by using a variety of drugs including marijuana, cocaine, bath salts, Xanax, and Suboxone. The Probation Office notified the District Court of at least three of these violations, but the Court initially refrained from taking action in favor of treatment for Policare. After the eighth violation, however, the Probation Office submitted a Petition for Warrant or Summons and Policare was detained pending a supervised release revocation hearing.

At the hearing, Policare pleaded guilty to violating the conditions of her supervised release, which subjected her to a statutory maximum of 2 years' imprisonment and a Sentencing Guidelines range of 3 to 9 months. Although the Government

recommended a within-Guidelines sentence, the District Court varied upward, sentencing Policare to a year and a day in prison.

$$\text{II}^1$$

Policare appeals, claiming her sentence is substantively unreasonable. This argument falls short of our highly deferential standard of review, which requires us to affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

Policare argues that the District Court placed undue emphasis on her relapses without properly considering other factors. Given her history of drug addiction, Policare insists that the Court should have expected she might relapse. She also cites her candid admissions to the Probation Office about her relapses and her desire for treatment. Finally, she notes that the Government recommended a sentence within the Guidelines range.

We are unpersuaded by Policare's argument that the District Court abused its discretion by varying upward. The same judge who varied downward after applying the § 3553(a) factors during Policare's initial sentencing hearing carefully considered her circumstances at the supervised release revocation hearing. The Court acknowledged that Policare suffered from addiction. The Court recognized her honesty, though it expressed

---

[1] The District Court had jurisdiction over the original criminal case under 18 U.S.C. § 3231 and revoked Policare's supervised release pursuant to 18 U.S.C. § 3583(e). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

doubt that Policare admitted each drug use during supervised release. Finally, the Court stated that it considered statements from all of the parties and the reports of the Probation Office.

After considering all the facts of record, the District Court determined a sentence above the Guidelines range was necessary and proper. Judge Mannion rightly noted that Policare received a significant break at her first sentencing, but failed to take advantage of it. He also noted that Policare violated the conditions of her supervised release by using controlled substances eight times. Finally, he reiterated that he had been lenient and worked with Policare to facilitate her treatment.

In sum, because our review of the record leads ineluctably to the conclusion that the District Court's judgment of sentence was well within its considerable discretion, we will affirm.